## E. B. Preston v. C. L. Smith.

1. CONTRACTS—*Unconscionable and Unreasonable.*—An agreement for the manufacture and sale of a patent which stipulates for the payment of a royalty equal to $450, without regard to the amount sold, is neither unconscionable nor unreasonable.

2. EVIDENCE—*Matters Leading up to the Making of a Contract.*—Evidence of what the parties to a contract may have said in the negotiations that led to the making of it, is inadmissible, but not necessarily reversible error.

3. PLEADINGS—*When the Common Counts are Sufficient.*—Where an executory agreement has been so far performed that nothing remains to be done but to pay the money agreed upon, the common counts are a sufficient declaration.

**Memorandum.**—Assumpsit on a contract in writing. In the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Common counts and plea of the general issue; trial by jury waived; finding and judgment for plaintiff; appeal by defendant. Heard in this court at the October term, 1894, and affirmed. Opinion filed December 20, 1894.

FLOWER, SMITH & MUSGRAVE, attorneys for appellant.

McGLASSON, BEITLER & MALMIN, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellant and appellee made a contract in part as follows:

"Chicago, Ill., September 11, 1891.

This agreement entered into between C. L. Smith, of Cleveland, Ohio, and E. B. Preston & Co., of Chicago, Ill. From the date above mentioned the said C. L. Smith agrees to give said E. B. Preston & Co. the exclusive right of manufacturing and selling a certain improved hose attachment and swivel, patented August 20, 1889.

Said E. B. Preston & Co. further agree that the royalty paid to said C. L. Smith shall equal at least $450 per annum. In case they do not reach this amount this agreement can be canceled by C. L. Smith, and a new one made that will be satisfactory to him.

The said E. B. Preston & Co. further agree to pay C. L. Smith on or before the 15th day of each month following the sales of said hydrant swivel, a royalty of fifty cents per dozen on all ¾ hydrant swivels sold. If any larger size be manufactured hereafter a price in royalty will be made that will be satisfactory."

Two years having elapsed and nothing having been paid on account of royalty, appellee brought suit and recovered the sum of $900, claimed by him to be due under the contract.

Appellant contends that if the contract was to pay $450 per annum in all events, the contract is unconscionable and unreasonable. Doubtless as things have turned it was foolish, but the agreement to pay at least $450 per annum was neither unconscionable nor unreasonable. That appellant did agree, at all events, to pay that sum each year is clear. Livingston v. Strong, 90 Ill. 557.

As to whether, in case appellant shall continue to promptly pay the stipulated amount of $450 per annum, appellee can cancel the contract because the royalties do not amount to that sum, is a question upon which we are not called to express an opinion. He has not exercised any reserved option to cancel the agreement, and his right to do so is not such an option as is mentioned in section 130 of chapter 38 of the Revised Statutes.

Evidence as to what the parties said in the negotiations

that led to the making of the present contract ought not to have been admitted, but the error in this regard is inconsequential in view of the undisputed facts of the case.

Where an executory agreement has been so far performed that nothing remains to be done but to pay the money agreed, common counts are sufficient. 1 Chitty's Pleadings, 15th Am. Ed., from 7th London Ed., page 357, note, and page 350; Hall v. Manton, 17 Mass. 575–579.

In the present case the sufficiency of the declaration was not objected to in the court below.

The abstract in this case is, so far as the pleadings are concerned, but an index; it gives us no information as to what the common counts were upon which the case was tried.

The judgment of the Superior Court is affirmed.